that the Westchester Trust Company has an assignment of this stock, and that as Miss Brantingham makes a claim upon them also,' these facts are sufficient to warrant the plaintiff to bring these two adverse claimants into court to establish their rights against each other. If it should be necessary or proper, or if the Westchester Trust Company should desire, to bring Huff into the controversy to settle the relative rights between her and the trust company, it is open to the company to do so for that purpose, and upon that motion such directions would be given as justice requires; but, although the presence of Huff may be useful to the Westchester Trust Company, yet, so far as the plaintiff is concerned, it does not appear that she is a necessary party to the action, and that she is not in the action is not a sufficient reason why it should not have relief. But we think that the order as made is altogether too broad. If the plaintiff should issue to the clerk of the court the certificate for the 300 shares of the stock, that certificate would not represent the certificate now in the hands of the Westchester Trust Company, and, so long as that company still retains the certificate, there is no reason why it should not transfer it; and the result would be that for the same stock there would be two different and separate certificates, and the plaintiff would be put to serious inconvenience hereafter in attempting to settle the rights of the owners. The order should not have provided for the issue of another certificate, and should be modified by restraining the Westchester Trust Company from making any transfer of the certificate in suit during the pendency of the action, and providing that the certificate should be deposited with the clerk of the court to abide the result of the action, and, as so modified, should be affirmed, without costs to either party in this court. But, as the modification which we make goes to the substance of the injunction, it is quite possible that the sureties upon the injunction as ordered by the special term might be released by this serious modification. For that reason the affirmance must be upon condition that the plaintiff shall give a new undertaking in the same amount as the original one.

Order modified as directed in opinion, and, as modified, affirmed, without costs; such affirmance to be upon condition that plaintiff give a new undertaking as directed in opinion. All concur.

---

(57 App. Div. 204.)

### FRENCH v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. January 31, 1901.)

1. DAMAGES—EXCESSIVE VERDICT.

Plaintiff, a man 70 years old, was thrown down by the sudden starting of a street car, and sustained painful injuries. There was no evidence of his earning capacity, except that he had been able to support himself. Plaintiff testified that he suffered pain in his side from the injuries at the time of the trial, 3 months after the accident. Evidence as to whether his side showed a depression at the point of contact, indicating a continuation of the difficulty, was conflicting. Held, that a verdict for $400 was not excessive.

2. SAME—PHYSICAL EXAMINATION OF PLAINTIFF.

    Defendant, in an action for personal injuries, is not entitled to demand that the court examine the plaintiff physically to determine a dispute between opposing physicians as to the extent and character of the injury.

Appeal from municipal court, borough of Brooklyn.

Action by Alonzo French against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Sheehan & Collin, for appellant.

Sanders Shanks, for respondent.

WOODWARD, J. The appellant practically concedes upon this appeal a liability, but urges that there was no evidence to warrant an award of $400, and that the trial court erred in refusing to inspect the plaintiff physically. The evidence, which is undisputed, shows that the plaintiff, a man 70 years of age, while attempting to get onto one of the cars of the defendant at the New York end of the Brooklyn Bridge, was thrown down, and sustained a painful injury to his side, by the sudden starting of the car. Plaintiff was engaged in selling glassware on commission for several different houses, but there was no evidence of his earning power, except that it may be inferred from the testimony that he had been able to care for himself. After the accident he went to a hospital in New York, where the doctor prescribed the use of a liniment, and subsequently he entered the hospital of the Kings county almshouse, where he remained for a period of about two months, because, being unable to work, he had nowhere else to go. He testified that he was in pain at the time of the trial of the action from this injury, the trial occurring some three months after the accident. There was a conflict of evidence upon the question of whether the plaintiff's side showed a depression at the point of contact, indicating a continuation of the difficulty, and the amount of the judgment indicates that the trial court found in favor of the plaintiff's contention upon this point. Taking this view of the case, we are not prepared to say that $400 is an excessive judgment, and we do not conceive it to be error on the part of the trial court to refuse to make examination of the plaintiff's person. The burden of establishing the injury was upon the plaintiff, and we are satisfied that there was evidence sufficient to support the decision of the court below, and that the defendant had no right to demand that the court examine the plaintiff to determine a dispute between opposing doctors. If there are any authorities in support of this contention, defendant's counsel have not called the attention of the court to them, and, in the absence of such authorities, the judgment of the court below should be affirmed.

The judgment appealed from should be affirmed, with costs. All concur.